IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| JACOB F. MURRAY, | ) Civil Action No. 3:10-1536-TLW-JRM |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) **ORDER AND RECOMMENDATION** |
| CITY OF CHESTER, S.C.; | ) |
| CHESTER POLICE DEPT.; AND | ) |
| SGT. GADSON, | ) |
| | ) |
| Defendants. | ) |
| | ) |

Plaintiff filed this action on June 14, 2010.[1]  He appears to claim that his constitutional rights were violated because he was allegedly falsely arrested, subjected to an illegal search of his automobile, and subjected to an illegal seizure of his personal property.  On January 21, 2011, Defendants filed a motion to dismiss or in the alternative to compel and for sanctions.  Plaintiff, because he is proceeding pro se, was advised on January 25, 2011, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to Defendants' motion to dismiss could result in the dismissal of his complaint. Plaintiff filed a response on February 3, 2011.

On November 18, 2010, counsel for Defendants served upon Plaintiff Requests for Admission, Requests for Production, and Interrogatories.  See Ex. A.[2]  On December 30, 2010,

---

[1]All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Civil Rule 73.02 (B)(2)(d) DSC.  Because this is a dispositive motion, this report and recommendation is entered for review by the court.

[2]"Ex. ___ " refers to exhibits to Defendants' motion to dismiss or in the alternative to compel
(continued...)



Defendants sent a letter to Plaintiff informing him that his discovery responses were overdue, requesting responses within ten days, and informing him that Defendants would file a motion to compel if Plaintiff did not provide responses.  Ex. B.

On December 30, 2010, counsel for Defendants served Plaintiff with a Notice of Deposition, requiring that Plaintiff appear for his deposition on January 12, 2011 at 10:00 a.m.  Exs. B and C. At approximately 9:30 a.m. on January 12, 2011, counsel for Defendants was informed of a voicemail from an unidentified female stating that Plaintiff would not be attending the deposition due to poor road conditions.  Shortly thereafter counsel for Defendants received a telephone call from a female who identified herself as a friend of Plaintiff and indicated that he had asked her to contact the law firm to inform them that Plaintiff would not attend the deposition.  Ex. D.  On January 13, 2011, counsel for Defendants had a telephone conversation with Plaintiff in which Plaintiff appeared to agree to appear for his deposition at 2:00 p.m. on January 14, 2011.  Ex. E.  Defendants served an Amended Notice of Deposition on Plaintiff and arranged for a Court Reporter to be available.  On January 13, 2011, counsel for Defendants received four emails from Plaintiff, with various attachments, which purported to provide documentation relevant to this action.  Ex. F.

On January 14, 2011, Plaintiff appeared for his deposition, but refused to allow his deposition to be taken.  Plaintiff stated reason was that he believed that the scheduled deposition would allow him to ask questions of Defendants.  Counsel for Defendants informed Plaintiff that the deposition was a question and answer session with Plaintiff providing the answers.  See Ex. G.

---

(...continued)
and for sanctions.



Plaintiff appears to argue that Defendants' motion to compel should be denied because he has provided all relevant material and information requested by Defendants. Review of Plaintiff's responses to Defendants' requests for production, however, reveals that Plaintiff has not substantially complied with these requests. Defendants have provided copies of the relevant discovery requests and Plaintiff's responses. With the exception of providing answers to Defendants' Interrogatories numbers 1, 7, 8, and 10 (<u>see</u> Ex. H), Plaintiff has not provided answers to Defendants' Interrogatories or Requests for Admissions. Although Plaintiff provided certain documents to Defendants (<u>see</u> Ex. F), they were not identified by Plaintiff as to which (if any) of Defendants' Requests for Production they were responsive.

**Defendants' motion to compel is denied, in part, as to Defendants' Interrogatories 1, 7, 8, and 10, and is granted, in part, as to the remainder of Defendants' discovery requests (Defendants' Interrogatories 2-6, 9, and 11, Defendants' Requests for Admissions, and Defendants' Requests for Production). Plaintiff shall provide complete answers to Defendants' discovery requests on or before June 17, 2011.[3] Plaintiff shall also participate in the taking of his deposition (in accordance with Fed. R. Civ. P. 30) should Defendants attempt to do so again. Plaintiff is specifically warned that failure to fully respond to Defendants' discovery requests and/or participate in his deposition may result in sanctions, including dismissal of this action. <u>See</u> Fed. R. Civ. P. 37 and 41.**

---

[3]Pursuant to the applicable Rules of Civil Procedure, if Plaintiff objects to any these discovery requests he must state his grounds for objection. Simply writing "N/A" as Plaintiff has done in the past is not sufficient. <u>See</u> Fed. R. Civ. P. 33 ("The grounds for objecting to an interrogatory must be stated with specificity."), 34 ("For each item or category, the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons."), and 36 ("The grounds for objecting to a request must be stated. A party must not object solely on the ground that the request represents a genuine issue for trial.").

3



Defendants have requested that this action be dismissed for Plaintiff's failure to adequately respond to its requests for discovery; Plaintiff's failure to appear for his deposition on January 12, 2011; and Plaintiff's refusal to participate in his deposition on January 14, 2011. Plaintiff argues that Defendants' motion for sanctions and to dismiss should be denied because he has submitted all responsive materials and he is "seeking access to the Court for deposition procedures and scheduling for a person authorized by the court to administer oaths (if available under "ORDER" to proceed *in forma pauperis*)." Doc. 28.

Pursuant to Rule 37, the court may impose sanctions, including dismissal of the action, for the failure to obey a discovery order. See Fed. R. Civ. P. 37(b)(2). A complaint may be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and/or failure to comply with orders of the court. Ballard v. Carlson, 882 F.2d 93 (4th Cir. 1989), cert. denied 493 U.S. 1084 (1990) and Chandler Leasing Corp. v. Lopez, 669 F.2d 919 (4th Cir. 1982).

In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

(1)    the degree of plaintiff's responsibility in failing to respond;

(2)    the amount of prejudice to the defendant;

(3)    the history of the plaintiff in proceeding in a dilatory manner; and

(4)    the existence of less drastic sanctions other than dismissal.

Davis v. Williams, 588 F.2d 69 (4th Cir. 1978). In addition, it has been held that a party should receive a warning that failure to obey an order of the Court could result in dismissal. Ballard, 882 F.2d at 95-96, cert. denied, 493 U.S. 1084 (1990). The standards for a Rule 37(b)(2) dismissal and a Rule 41(b) dismissal for failure to obey an order to respond to discovery are "virtually the same[.]"



<u>Carter v. University of West Virginia System</u>, No. 93-1905, 1994 WL 192031, *2 (4th Cir. May 16, 1994); <u>see also</u> <u>Anderson v. Foundation for Advancement, Educ. & Employment of Am. Indians</u>, 155 F.3d 500, 504 (4th Cir.1998)(In determining what sanctions to impose under Rule 37, court must consider: "(1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) whether less drastic sanctions would have been effective.").

Here, dismissal appears to be too harsh a sanction where there was not a failure to obey a specific order and there was no warning that a failure to obey an order of the Court could result in dismissal. Plaintiff's failure to attend his first deposition appears to have been a result of adverse weather conditions at the time. He appears to have not participated in the January 14, 2011 deposition because he was under the mistaken impression that he did not have to do so because he was not allowed to depose Defendants at the same time, and because he believed that Defendants failed to properly respond to his discovery requests.[4] Thus, it is recommended that this action not be dismissed at this time. As noted above, however, it is recommended that if Plaintiff continues to fail to cooperate and participate in discovery, including failing to respond to Defendants' discovery requests and/or participate in his deposition, he may be subject to sanctions including the dismissal of this action (<u>see</u> Fed. R. Civ. P. 37 and 41).

## CONCLUSION

Based on review of the record, it is recommended that Plaintiff's motion to dismiss be **denied**. Plaintiff's motion to compel is **denied in part** (as to Defendants' Interrogatories 1, 7, 8, and 10) and

---

[4]Plaintiff's untimely motion to compel is addressed in a separate order.



**granted in part** (as to the remainder of Defendants' Interrogatories, Defendants' Requests for Production, and Defendants' Requests for Admissions).

Joseph R. McCrorey
United States Magistrate Judge

May 17, 2011
Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).