IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| JACOB F. MURRAY, | ) Civil Action No. 3:10-1536-TLW-JRM |
| Plaintiff, | ) |
| vs. | ) |
| | ) **REPORT AND RECOMMENDATION** |
| CITY OF CHESTER, S.C.; | ) |
| CHESTER POLICE DEPT.; AND | ) |
| SGT. GADSON, | ) |
| Defendants. | ) |

Plaintiff filed this action on June 14, 2010.[1] He appears to claim that his constitutional rights were violated because he was allegedly falsely arrested, subjected to an illegal search of his automobile, and subjected to an illegal seizure of his personal property. On January 21, 2011, Defendants filed a motion to dismiss or in the alternative to compel and for sanctions. In that motion, Defendants argued that this action should be dismissed because Plaintiff did not appear for his deposition on January 12, 2011 due to poor road conditions; Plaintiff appeared for his deposition on January 14, 2011, but refused to allow his deposition to be taken; and Plaintiff failed to provide responses to written discovery requests. The undersigned, on May 17, 2011, recommended that Defendants' motion to dismiss be denied as dismissal was too harsh a sanction where there was not

---

[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Civil Rule 73.02 (B)(2)(d) DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the court.

a failure to obey a specific order. Doc. 35. This recommendation was adopted by the Honorable Terry L. Wooten, United States District Judge, on June 17, 2011. Doc. 38. Also on May 17, 2011, the undersigned ordered Plaintiff to provide answers to certain of Defendants' discovery requests on or before June 17, 2011, and to participate in the taking of his deposition. Plaintiff was specifically warned that his failure to fully respond to Defendants' discovery requests and/or participate in his deposition could result in sanctions pursuant to Federal Rules of Civil Procedure 37 and 41, including dismissal of this action. Doc. 35 at 3.

On June 21, 2011, Defendants filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 11, 37, and 41. Plaintiff, because he is proceeding pro se, was advised on June 21, 2011, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to Defendants' motion to dismiss could result in the dismissal of his complaint. Plaintiff has not filed a response.

Defendants contend that their motion to dismiss should be granted because of Plaintiff's repeated failures to participate in discovery in any reasonable way. They provide that Plaintiff has not provided discovery requests as required by the undersigned's May 17, 2011 order; Plaintiff did not appear at the third attempt to take his deposition on June 13, 2011 (see Attachment to Defendants' Second Motion to Dismiss - Deposition Transcript); and Defendants have not received any further communication from Plaintiff regarding his deposition or the outstanding discovery requests. Defendants contend that they are entitled to dismissal based on the factors set forth in Davis v. Williams, 588 F.2d 69 (4th Cir. 1978).

Pursuant to Rule 37, the Court may impose sanctions, including dismissal of the action, for the failure to obey a discovery order. See Fed. R. Civ. P. 37(b)(2). A complaint may be dismissed

pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and/or failure to comply with orders of the court. Ballard v. Carlson, 882 F.2d 93 (4th Cir. 1989), cert. denied 493 U.S. 1084 (1990); Chandler Leasing Corp. v. Lopez, 669 F.2d 919 (4th Cir. 1982).

In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

(1) the degree of plaintiff's responsibility in failing to respond;

(2) the amount of prejudice to the defendant;

(3) the history of the plaintiff in proceeding in a dilatory manner; and

(4) the existence of less drastic sanctions other than dismissal.

Davis v. Williams, 588 F.2d at 70; see also Ballard, 882 F.2d at 95-96, cert. denied, 493 U.S. 1084 (1990)(Magistrate judge's prior explicit warning that a recommendation of dismissal would result from Plaintiff failing to obey his order was proper grounds for the district court to dismiss suit when Plaintiff did not comply despite warning.). The standards for a Rule 37(b)(2) dismissal and a Rule 41(b) dismissal for failure to obey an order to respond to discovery are "virtually the same[.]" Carter v. University of West Virginia System, No. 93-1905, 1994 WL 192031, *2 (4th Cir. May 16, 1994); see also Anderson v. Foundation for Advancement, Educ. & Employment of Am. Indians, 155 F.3d 500, 504 (4th Cir.1998)(In determining what sanctions to impose under Rule 37, court must consider: "(1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) whether less drastic sanctions would have been effective."). The Fourth Circuit has emphasized the importance of establishing a history of dilatory action and warning to the offending party of what may follow prior to dismissing the action for failure to comply with

discovery obligations. See, e.g., Hathcock v. Navistar Int'l Transp. Corp., 53 F.3d 36, 40 (4th Cir. 1995); Choice Hotels Int'l, Inc. v. Goodwin & Boone, 11 F.3d 469, 473 (4th Cir. 1993)(court must give the noncomplying party a "explicit and clear" warning of the consequences of failing to satisfy the court's conditions and orders); Lolatchy v. Arthur Murray, Inc., 816 F.2d 951, 953 (4th Cir. 1987)(stating that warning was a "salient fact" that distinguished cases in which default judgment was an appropriate sanction for discovery abuse under Rule 37).

Plaintiff is proceeding pro se, so he is entirely responsible for his actions. It is through Plaintiff's actions, and not that of an attorney, that Plaintiff has failed to fully participate in discovery and prosecute this action. It appears that Defendants are prejudiced by Plaintiff's actions in that they have not been able to conduct meaningful discovery. Plaintiff has a history of proceeding in a dilatory manner. He refused to have his deposition taken on January 14, 2011 (see Defendants' First Motion to Dismiss, Ex. G); did not show for his June 13, 2011 deposition; and has not fully responded to Defendants' written discovery despite a letter from Defendants concerning such (see Defendants' First Motion to Dismiss, Ex. B) and a subsequent order from the undersigned to do so. Additionally, Plaintiff has failed to respond to Defendants' second motion to dismiss. No other reasonable sanctions are available. In the previous report and recommendation, the undersigned specifically warned Plaintiff that his failure to fully respond to Defendants' discovery requests and/or participate in his deposition might result in sanctions, including dismissal of this action. Doc. 35. Despite this, Plaintiff has failed to comply.

## CONCLUSION

Based on review of the record, it is recommended that Defendants' second motion to dismiss (Doc. 40) be **granted**.

                                                Joseph R. McCrorey
                                                United States Magistrate Judge

November 10, 2011
Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).